IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CALVIN WILHITE,

    Plaintiff,

v.                                        No. 09-2196 B

CORRECTIONS CORPORATION OF
AMERICA, et al.,

    Defendants.

_____

ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER
_____

In an order entered February 26, 2010, this Court granted the motion of Defendants Corrections Corporation of America, Joe Easterling and Hardeman County Correctional Facilities Corporation to dismiss the claims of the Plaintiff, Calvin Wilhite, against them pursuant to Rule 56 of the Federal Rules of Civil Procedure. Before the Court is the Plaintiff's motion for reconsideration of the February 26 order under Fed. R. Civ. P. 59(e).

"[T]he purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." Gritton v. Disponett, 332 F. App'x 232, 238 (6th Cir. 2009) (quoting Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008)). "Rule 59(e) motions serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or prevent manifest injustice." Id. (quoting General Truck Drivers, Chauffeurs, Warehousemen & Helpers, Local No. 957 v. Dayton Newspapers, Inc., 190 F.3d 434, 445 (6th Cir. 1999)). Whether to grant such a motion lies within the discretion of the trial court. Betts v. Costco Wholesale Corp.,

558 F.3d 461, 467 (6th Cir. 2009) (citation omitted). "Rule 59(e) motions should not be based on legal arguments or evidence that the movant simply failed to raise in the earlier motion." Martinez v. McGraw, No. 3:08-0738, 2010 WL 1493846, at *2 (M.D. Tenn. Apr. 14, 2010) (citation omitted). "It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal." Sherwood v. Royal Ins. Co. of Am., 290 F. Supp. 2d 856, 858 (N.D. Ohio 2003) (citation omitted).

In the instant motion, the Plaintiff does not argue that one of the three reasons set forth above supports his claim for relief. Rather, he simply attempts to relitigate matters ruled on by the Court in its previous order. Accordingly, the motion is DENIED.

IT IS SO ORDERED this 29th day of June 2010.

                                            s/ J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE