IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CALVIN WILHITE,              )
                             )
         Plaintiff,          )
                             )
                             )
v.                           )
                             )   Case No. 1:09-cv-02196-JDB-egb
                             )
CORRECTIONS   CORPORATION    )
OF AMERICA, et al.,          )
                             )
         Defendants.         )

## REPORT AND RECOMMENDATION

On referral for Report and Recommendation [D.E. 57] is the Plaintiff's Motion for Entry of Default Judgment Against Defendant Jermaine Hughey [D.E. 53]. Defendant Jermaine Hughey ("Hughey")[1] filed a response to the Clerk's Entry of Default consisting of a hand-written letter dated August 11, 2010 with several attached exhibits [D.E. 56].

PROCEDURAL HISTORY

Plaintiff, as an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee, filed this lawsuit on April 1, 2009, against various Defendants, including fellow inmate Defendant Hughey. Plaintiff alleges that he was a cellmate of Hughey and was assaulted by him in their cell. Over the course of time, all defendants, with the exception of Hughey, have been dismissed. Plaintiff now seeks this default judgment against Hughey. Other than during the period of time surrounding the

---

[1] Throughout Plaintiff's pleadings this Defendant's name is spelled "Hugeley," however within this Defendant's pleadings he spells his name "Hughey." This Court accepts that Defendant knows the proper spelling of his name.

alleged attack in the facility at Whiteville, Tennessee, Defendant Hughey has been incarcerated at the Riverbend Maximum Security Institution in Nashville, Tennessee.

Relevant to this default effort are the following facts:  Defendant Hughey was served with summons and this Complaint "on or about April 27, 2009 or April 30, 2009" according to the affidavit of Attorney Susan C. Herndon who is co-counsel for the Plaintiff.  No response was served within the time allowed by law and the Defendant did not seek additional time to respond.  See Affidavit of Attorney Herndon [D.E. 53-1].  On July 16, 2010, the District Court issued a show cause order as to why the claims against Hughey, as the remaining defendant, should not be dismissed for failure to prosecute [D.E. 46].  Subsequently, the Clerk's Entry of Default was made, and Plaintiff is now seeking a default judgment against Defendant Hughey [D.E. 52 and 53, respectively].

On August 17, 2010, Defendant Hughey filed with the District Court Clerk a handwritten letter indicating that he had received notice from Plaintiff's attorney regarding the Entry of Default [D.E. 56]. Defendant Hughey explains that he originally had attempted to file a response to Plaintiff's Complaint on April 30, 2009, but that it had been returned undelivered on or about May 13, 2009 (he attached a copy of his envelope addressed to: "United States District Court, Western District of Tennessee at Memphis, Clerk Thomas" (illegible).  The post office sticker reads, "Return to Sender, Not Deliverable as Addressed, Unable to Forward".  It is postmarked in Nashville, TN with the date "01 May 2009 PM."

His letter also included the following additional photocopied documents:  a hand-written letter dated April 30, 2009 to Mr. Gould (U.S. District Court Clerk) indicating he is filing a "response and answer of complaint" and a hand-written document styled "Answer To Complaint," which appears to this Court to raise defenses (including that he was not the aggressor and that he was acting in self-defense) to the Plaintiff's lawsuit.  He explains that he later had received a copy of the Motion to

2

Dismiss filed by the State of Tennessee and "was under the impression and understanding that this was the ends [sic] of the claims."  A review of the Court's docket revealed no address available for Defendant Hughey, which indicates he did not receive any hard copies of ECF documents from the Court Clerk.  However, he should have received filings from all parties who are required to mail hard copies of all documents filed to non-ECF parties.

RECOMMENDATION

Based on the above, this Court recommends that Defendant Hughey's correspondence of August 17, 2010 should be deemed a sufficient formal request for relief from the Clerk's Entry of Default and that that consistent with Rule 55(c) of the Federal Rules of Civil Procedure, the August 8, 2010 Clerk's Entry of Default should be set aside for good cause.

Rule 55(c) provides, "Setting Aside a Default or a Default Judgment.  The court may set aside an entry of default judgment for good cause, and it may set aside a default judgment under Rule 60(b)." The district court enjoys considerable latitude under the "good cause shown" standard, which is the standard applicable in this case, because, as set forth above, entry of default was entered by the clerk, however, the Court has not entered default judgment.

In contrast, Rule 60(b), which pertains to parties seeking to set aside a final judgment such as a default judgment, requires greater specificity from a moving party before a court will set aside a default judgment.  The Sixth Circuit has stated the factors to be considered are similar, but the standard is more lenient under Rule 55(c):

> While standards for granting relief under Rule 55(c) and 60(b) differ, the factors to be considered by the court are said to be similar and to include:  (1)Whether culpable conduct of the defendant led to the default; (2) Whether the defendant has a meritorious defense; and (3) Whether the plaintiff will be prejudiced. . . . When asked to set aside an entry of default, a court considers the first factor, defendant's culpability, in the general context of determining whether a petitioner is deserving of equitable relief."

3

*Waifersong, Ltd. inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

Here, Defendant Hughey has shown good cause and is deserving of equitable relief.  It appears that as a pro se defendant, he has attempted in good faith to respond and present a viable defense.  He prepared an answer to the complaint and unsuccessfully attempted to mail it to the Clerk's office in Memphis.  He states in his August 11, 2010 letter that he believed the dismissal of the State of Tennessee ended the claims and thereafter, did not attempt to re-file his answer.  After receiving notice of the entry of a default against him, he promptly responded in opposition to it.  Not being schooled in the law, having some degree of difficulty caused by being incarcerated and apparently not receiving all filings and correspondence have together, worked against him. Even though his efforts were inconsistent and lacking in legal finesse, they are adequate to convince this Court that his conduct running up to this default was not culpable.  Accordingly, the Court recommends that Plaintiff's Motion for Entry of Default Judgment Against Defendant Jermaine Hughey be DENIED.

Respectfully submitted,

<u>s/Edward G. Bryant</u>
EDWARD G. BRYANT
UNITED STATES MAGISTRATE JUDGE

Date:  <u>September 9, 2010</u>

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**